```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


ANGELA J. STALLWORTH,              :
                                   :
     Plaintiff,                    :
                                   :
vs.                                :   CIVIL ACTION 01-0833-CB-M
                                   :
JO ANNE B. BARNHART,               :
Commissioner of                    :
Social Security,                   :
                                   :
     Defendant.                    :
```

REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's attorney's Petition for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 9) and Defendant's pleading filed on July 5, 2006, in which she states that no objection would be filed (Doc. 10). After consideration of all pertinent materials in the file, it is recommended that Plaintiff's attorney's Petition for Authorization of Attorney Fees be granted and that Plaintiff's attorney, Byron A. Lassiter, be awarded a fee of $1,888.50 for his services before this Court.

Plaintiff hired Mr. Lassiter on November 1, 2001, to pursue her claims for a period of disability and Disability Insurance Benefits after her claim was denied initially, upon reconsideration, and at the hearing level. At that time, it was agreed that Mr. Lassiter would receive 25 percent of past-due benefits paid to Plaintiff. A written contingent fee agreement

was executed by Plaintiff on November 11, 2001 (Doc. 9, Ex. C).

For the past approximately 4 years and 8 months, counsel has prosecuted Plaintiff's claims before both the Social Security Administration (SSA) and this Court.  Plaintiff filed an application for Disability Insurance Benefits, which application was denied initially, upon reconsideration and at the hearing level on October 4, 2001.

After denial of her application for Disability Insurance Benefits by the SSA, Plaintiff filed this action on November 28, 2001, for judicial review of that decision (Doc. 1).  See 42 U.S.C. §405(g).

Defendant, on January 25, 2002, filed a Motion to Remand under sentence six of 42 U.S.C. § 405(g) stating that the action will be remanded "to an Administrative Law Judge [who will] develop and evaluate all the evidence of record.  The ALJ will also be instructed to do a function by function assessment of the Plaintiff's residual functional capacity."  (Doc. 6).  The Court, after reviewing Defendant's Motion, and without objection from Plaintiff, entered a Report and Recommendation that this action be remanded for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g).  By Order dated February 7, 2002, Judge Butler adopted the Report and Recommendation as the opinion of the Court and remanded this action to the Commissioner for further proceedings (Doc. 8).

Pursuant to this Court's Order, a hearing was held on June 19, 2002, after which the ALJ again denied Plaintiff's claim in a decision dated October 22, 2002.  Plaintiff requested review of the ALJ's decision by the Appeals Counsel on November 14, 2002, and, on January 22, 2005, the Appeals Council granted the request for review and remanded the claim for further administrative proceedings.  Upon remand, the case was assigned to a different ALJ, who, without the necessity of a hearing, issued a Fully Favorable Decision on September 25, 2005, finding Plaintiff disabled and eligible to receive disability benefits commencing January 18, 2000.

The Social Security Administration issued a Notice of Award dated October 10, 2005 (Doc. 9, Ex. B).  The Notice does not state the total amount of Plaintiff's past-due benefits; however, it states that $7,188.50, representing 25% of Plaintiff's total past-due benefits, was withheld for payment of attorney fees.  Therefore, Plaintiff received past-due benefits in the approximate amount of $28,754.00.

Plaintiff's counsel has also filed a separate fee petition with the ALJ requesting approval of an administrative attorney's fee in the amount of $5,300.00.  Adding the $5,300.00 administrative attorney fee to the $1,888.50 attorney fee requested in this Petition results in a total fee request of $7,188.50, which amount equals twenty-five percent of Plaintiff's

past-due benefits.

On June 21, 2006, Mr. Lassiter filed the pending Petition for Authorization of Attorney Fees for services before this Court, requesting approval of a fee in the amount of $1,888.50 (Doc. 9). Mr. Lassiter spent a total of 2.7 hours before this Court and has represented Plaintiff before this Court since 2001, when the complaint for judicial review was filed, without compensation for his time spent before this Court (Doc. 9).  Defendant has filed no objection to the requested fee (*see* Doc. 10).

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[1]  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits."  Ibid. Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum."  Watford v. Heckler, 765 F.2d

---

[1] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

1562, 1566 (11th Cir. 1985)(citations omitted)(emphasis in original); see Meyer v. Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Act is limited to 25 percent of the past-due benefits awarded).

Eleventh Circuit precedent, see Kay v. Apfel, 176 F.3d 1322 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817(2002)(decided May 28, 2002), previously required the "lodestar" method, under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable § 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of different factors to be considered in adjusting the lodestar amount upward or downward.  Id. at 1327.

The Supreme Court in Gisbrecht, in resolving the division among the circuits on the appropriate method of calculating fees under § 406(b), concluded that Congress designed § 406(b) to control, not to displace, fee agreements between Social Security benefit claimants and their counsel, Id. at 1817, and that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to

assure that they yield reasonable results in particular cases". <u>Id</u>. at 1828.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. <u>Id</u>. at 1828.

The fees provided for in 42 U.S.C. § 406(b) are in addition to those provided in § 406(a), which states that the Commissioner may award attorney's fees, to a successful claimant's attorney for work performed before the Social Security Administration.  Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's attorney may receive pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(EAJA), if the Commissioner's position before the Court was not "substantially justified."  <u>Gisbrecht</u>, 122 S.Ct. at 1822.  In order to avoid a double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his or her client.  <u>Id</u>. at 1822.  An EAJA fee was not requested or awarded in this action.

The Supreme Court in <u>Gisbrecht</u> did not set out the specific factors that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement but it did cite with approval the opinions of courts in several circuits that give

effect to the contingent-fee agreements, if the resulting fee is reasonable.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. See, e.g., McGuire V. Sullivan, 873 F.2d 974, 983 (C.A.7 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 249-250 (C.A.6 1983)(instructing reduced fee when representation is substandard). If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. See Rodriquez v. Bowen, 865 F.2d 739, 746-747 (C.A.6 1989). If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. See id., at 747 (reviewing court should disallow "windfalls for lawyers"); Wells v. Sullivan, 907 F.2d 367, 372 (C.A.2 1990)(same). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. See Rodriquez, 865 F.2d at 741. Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

122 S.Ct. at 1828-1829.

A contingent-fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney.  Wells, 907 F.2d at 372.  A district court, upon finding the contingent-fee agreement provides for an unreasonable fee, may reduce the fee provided it states reasons for and the amount of the reduction.  Id. at 372.

Therefore, it appears that the Supreme Court intends the district courts to give great deference to the contingent-fee agreements and to uphold them if the fees produced by them are reasonable.  Factors that may be considered in reviewing for reasonableness are (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement and (6) the requested fee does not exceed 25 percent of past-due benefits.

After reviewing the fee petition and the file, including Defendant's response, in light of the guidance provided by Gisbrecht and the opinions cited above, the Court finds that Mr. Lassiter has diligently represented Plaintiff since 2001 in this Court and has been successful in obtaining past-due benefits for

Plaintiff.  There is no evidence that Mr. Lassiter contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement.  Plaintiff has signed a fee agreement, in which she agrees to the fee being requested by Mr. Lassiter.  The total fee requested does not exceed 25 percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with her attorney.  The requested fee is not so large as to be a windfall or unreasonable.  The Court finds that the requested fee of $1,888.50 is reasonable for the services rendered before this Court.

Therefore, the undersigned recommends that Plaintiff's attorney's Petition for Authorization of Attorney Fees be granted and that Plaintiff's attorney be awarded a fee in the amount of $1,888.50 for his services before this Court.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 6th day of July, 2006.

s/BERT W. MILLING, JR.<br>UNITED STATES MAGISTRATE JUDGE